PHILLIP A. TALBERT
Acting United States Attorney
KAREN A. ESCOBAR
ALYSON A. BERG
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HACEL ALFREDO ALVAREZ,<br><br>Defendant. | CASE NO. 1:18-CR-00213-DAD-BAM<br><br>STIPULATION FOR EXPEDITED SETTLEMENT BETWEEN THE UNITED STATES AND LIENHOLDER M&T BANK, AS ATTORNEY IN FACT FOR LAKEVIEW LOAN SERVICING, LLC AND ORDER THEREON |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and petitioner M&T Bank, as attorney in fact for Lakeview Loan Servicing, LLC ("Lienholder"), to compromise and settle its interest in the property known as 2610 Cleveland Way, Bakersfield, California, Kern County, APN: 147-170-17 (hereafter, the "Subject Property") and more fully described as:

> PARCEL 4 OF PARCEL MAP 4146 IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, AS PER MAP RECORDED MAY 19, 1977 IN BOOK 18, PAGE 103 OF PARCEL MAPS, AND AMENDED OCTOBER 11, 1977, IN BOOK 19, PAGE 100, OF PARCEL MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This stipulated settlement is entered into between the parties pursuant to the following terms:

1. The parties to this Agreement hereby stipulate that Lienholder had a prior vested or superior interest in the Subject Property or was a bona fide purchaser for value of the right, title, or interest in the Subject Property. Such interest is not contested by the United States.

///

2. Any violation of 21 U.S.C. § 841(a)(1) involving the Subject Property, occurred without Lienholder's knowledge and consent.

3. The United States agrees that upon entry of a Final Order of Forfeiture forfeiting the Subject Property to the United States and sale of the Subject Property pursuant to the Final Order of Forfeiture, through the U.S. Customs and Border Protection or its agent(s), shall undertake to sell the Subject Property in a commercially reasonable manner and to sell the Subject Property for fair market value (the "Purchase Price").  The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order:

    a. First, the costs incurred by the U.S. Customs and Border Protection to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

    b. Second, to the Kern County Tax Collector for all real property taxes assessed and unpaid against the Subject Property prorated to the date of entry of the Final Order of Forfeiture;

    c. Third, the costs and expenses associated with the sale of the Subject Property;

    d. Fourth, any county transfer taxes;

    e. Fifth, to Lienholder as the lender on the deed of trust encumbering the Subject Property, as follows:

        i. All unpaid principal due to Lienholder under the Promissory Note dated June 16, 2009, in the original principal amount of $98,188.00, a true and correct copy of which is attached hereto as Exhibit A ("Note"), and which is secured by a Deed of Trust dated June 16, 2009, recorded on June 25, 2009, as instrument number 0209092228 of the Official Records of Kern County, California ("Deed of Trust"), a true and correct copy of which is attached hereto as Exhibit B.  As of June 9, 2021, the principal amount owed to Lienholder pursuant to the Note was $78,611.52.

        ii. Lienholder acquired all interest in the loan, including the Deed of Trust and the Note, in good faith and without any knowledge or notice of criminal conduct giving rise to the forfeiture.  On January 7, 2021, Mortgage

2

Stipulation for Expedited
Settlement and Order Thereon

            Electronic Registrations Systems, Inc., as nominee and beneficiary under the Deed of Trust, assigned all beneficial rights under the Deed of Trust to Lakeview ("Assignment").

    iii.    All unpaid interest due as of the date of the closing of the sale of the Subject Property at the contractual (not default) rate under the above-referenced Note and Deed of Trust until the date of payment;

    iv.    All fees, costs, and advances, including but not limited to reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided under the terms of the Note and Deed of Trust.

4. The payment to Lienholder shall be in full settlement and satisfaction of all claims by Lienholder to the Subject Property alleged for forfeiture by the United States on or about February 1, 2019, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Subject Property. The payment to Lienholder shall not include any penalty payments, including any prepayment penalties.

5. Upon payment in full as set forth in ¶ 3(e)(i) – (iv), above, Lienholder agrees to reconvey its security interest via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Lienholder and its agents that currently exist or that may arise as a result of the United States' action against and relating to the Subject Property. As against the United States and its agents, Petitioner M&T Bank, as attorney in fact for Lakeview Loan Servicing, LLC, agrees to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his settlement with the debtor or released party."

6. In the event it is determined that the proceeds from the sale of the Subject Property would be insufficient to pay Lienholder in full as set forth in ¶ 3(e)(i) – (iv), above, after the disbursements described in ¶ 3(a) – (d) here in above are made, the United States agrees to release its interest in the

Stipulation for Expedited Settlement and Order Thereon

Subject Property and consent to the exercise of Lienholder's state law rights to foreclose upon its deed of trust which secures the obligation to Lienholder. The United States shall not enter into a binding agreement to sell the Subject Property unless the proceeds of such sale are sufficient to pay Lienholder in full as set forth in ¶ 3(e)(i) – (iv), unless Lienholder otherwise consents in writing.

7. Lienholder agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including but not limited to the right to foreclose upon and sell the Subject Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Subject Property, and any right to assess additional interest or penalties except as specifically allowed herein.

8. The Lienholder has notified the United States that a default occurred under the security agreement and promissory note. Lienholder further agrees to join any government motions for interlocutory or stipulated sale of the Subject Property if the proceeds of such sale will be sufficient pay Lienholder in full as set forth in ¶ 3(e)(i) – (iv), and any motions to remove occupants from the property for nonpayment of mortgage or rent, destruction of property, or other just cause.

9. Lienholder understands and agrees that by entering into this expedited settlement of its interest in the Subject Property, it waives any rights to litigate further its interest in the Subject Property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Agreement is approved by the Court, then unless specifically directed by an order of the Court, M&T Bank, as attorney in fact for Lakeview Loan Servicing, LLC shall be excused and relieved from further participation in this action.

10. Lienholder understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lienholder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Property. In either event, the United States shall promptly notify the mortgagee or Lienholder of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

11. The parties agree to execute further documents, to the extent necessary, to convey clear title to the Subject Property to the United States and to implement further the terms of this settlement.

Each party agrees to bear its own costs and attorneys' fees.

12. Payment to Lienholder pursuant to this settlement agreement is contingent upon a forfeiture of the Subject Property to the United States, the United States' prevailing against any third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture. Further, the terms of this settlement agreement shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

Dated: July 28, 2021							PHILLIP A. TALBERT
									Acting United States Attorney

								By:	/s/ Alyson A. Berg
									KAREN A. ESCOBAR
									ALYSON A. BERG
									Assistant U.S. Attorneys

Dated: July 27, 2021						By:	/s/ David M. Liu
									JOHN M. SORICH
									DAVID M. LIU
									Attorneys for Petitioner
									M&T Bank, as attorney in fact for
									Lakeview Loan Servicing, LLC
									(Original signature retained by attorney)

### ORDER

The Court having received, read, and considered the foregoing stipulation of the parties, and good cause appearing therefrom, the Stipulation Expedited Settlement is hereby APPROVED.

IT IS SO ORDERED.

Dated:  **July 28, 2021**					_Dale A. Drozd_
								UNITED STATES DISTRICT JUDGE