UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>  v.<br><br>HACEL ALFREDO ALVAREZ,<br><br>  Defendant. | No. 1:18-cr-00213-DAD-BAM<br><br>ORDER DISMISSING PETITION<br><br>(Doc. Nos. 53, 59) |

This matter before the court on a petition filed by interested third parties Bianca Bernice Chavez-Bracho and Dimas Alvarez requesting that the court hold an ancillary hearing to adjudicate the validity of their interest in the real property located at 2610 Cleveland Way, Bakersfield, California (hereinafter "2610 Cleveland Way property" or "the property") (Doc. No. 53) and the government's motion to dismiss that petition (Doc. No. 59).[1] A hearing on the petition was held by video conference on March 31, 2020. (Doc. No. 71.) Assistant United States Attorneys Karen Escobar and Kevin Khasigian appeared on behalf of the government and attorney Nicholas Reyes appeared on behalf of petitioners. Petitioners Chavez-Bracho and Alvarez were also present.

---

[1] Other petitioners have filed asserting an interest in the property to be forfeited in this action. The court dismissed petitioner Dimas Alvarez's petition on the record on March 31, 2021. (Doc. No. 71.) A second petition was filed by M&T Bank on behalf of Lakeview Loan Servicing (Doc. No. 56), which was addressed by stipulation of the parties on July 28, 2021. (Doc. No. 82.)

1

Thereafter, an evidentiary hearing was held on June 1, 2021, which was limited to the adjudication of the validity of petitioner Chavez-Bracho's interest in the 2610 Cleveland Way property. (Doc. No. 79.) At the evidentiary hearing, Assistant United States Attorneys Alyson Berg and Karen Escobar appeared on behalf of the government and attorney Nicholas Reyes appeared on behalf of petitioner and petitioner Chavez-Bracho was in attendance.

Having reviewed the parties' submissions, and having heard from counsel, for the reasons explained below, the government's motion to dismiss is granted as to the petition filed on behalf of petitioner Chavez-Bracho.

## BACKGROUND

On September 20, 2018, an indictment charged defendant Hacel Alvarez with one count of intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, as well as 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. No. 9 at 1.) The indictment also contained a criminal forfeiture allegation, pursuant to 21 U.S.C. § 853(a), which sought the forfeiture of all property "used, or intended to be used, in any manner or part to commit or to facilitate the commission of the criminal offense." (*Id*. at 2.) On February 1, 2019, the government filed a bill of particulars identifying the 2610 Cleveland Way property as the property subject to criminal forfeiture and stating that the government would seek to forfeit the property pursuant to the forfeiture provision contained in the indictment. (Doc. No. 23.) On January 27, 2020, defendant plead guilty to the sole count charged in the indictment. (Doc. No. 34.)

On July 1, 2020, the government moved for an order of forfeiture of 2610 Cleveland Way. (Doc. No. 38.) On November 16, 2020, based upon defendant Alvarez's entry of a guilty plea and a forfeiture brief filed by the government, the court entered a preliminary order of forfeiture, condemning and forfeiting defendant Alvarez's interest in the 2610 Cleveland Way property to the government pursuant to 21 U.S.C. § 853(a). (Doc. No. 50 at 1.) Pursuant to 21 U.S.C. § 853(n) and Local Rule 171, the government published notice of the order of forfeiture for thirty consecutive days. (Doc. No. 64.)

On January 4, 2021, petitioner Chavez-Bracho filed the pending petition.[2] (Doc. No. 53.) On January 25, 2021, the government filed a motion to dismiss her petition. (Doc. No. 59.) On February 16, 2021, petitioner filed a response to the government's motion. (Doc. No. 65.) On March 24, 2021, the government filed a reply. (Doc. No. 69.) At the first hearing on the pending petition, the court directed petitioner to file supplemental briefing and supporting documents establishing petitioner Bracho-Chavez's alleged legal right, title, or interest in the 2610 Cleveland Way property. (Doc. No. 71.) Thereafter, the parties sought to continue the ancillary hearing and the due date for any supplemental briefing, which the court granted on April 14, 2021. (Doc. Nos. 74, 75.) Pursuant to the parties' stipulation, petitioner filed her supplemental brief on May 18, 2021. (Doc. No. 76.) On May 27, 2021, the government responded. (Doc. No. 77.)

**LEGAL STANDARD**

In ancillary proceedings, a petitioner must establish by a preponderance of the evidence that petitioner has a right, title, or interest in the property which renders the order of forfeiture invalid, in whole or in part because that right, title, or interest "was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section." 21 U.S.C. § 853(n)(6). The court first looks to the relevant state law to determine whether a petitioner has such a right, title, or interest in the property. *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996) (collecting cases). Then, if petitioner establishes she has such a recognized interest, the court applies federal forfeiture statutes to determine whether those property interests are subject to forfeiture to the government. (*Id.*)

**DISCUSSION**

Here, petitioner Chavez-Bracho has claimed a right to title and ownership of the 2610 Cleveland Way property because she asserts she holds a one-half community property interest in

---

[2] It is not clear if petitioner's motion is timely. Any person, other than a defendant, asserting a legal interest in property which has been ordered forfeited has thirty days from the receipt of personal notice or the end of the notice publication period, whichever is earlier, to assert a claim to the subject property. *See* 21 U.S.C. § 853(n)(2). Nonetheless, the court will address the pending petition on its merits.

the property as the wife of defendant Hacel Alvarez. (Doc. No. 53 at 2, 4.) She further asserts that defendant's criminal conduct was carried out by him without her knowledge. (Doc. No. 76 at 2.)

In the pending motion to dismiss the ancillary petition, the government argues that petitioner cannot show she had a pre-existing interest in the property at the time of the commission of the offense of defendant's conviction within the meaning of § 853(n)(6)(A) and that she is instead merely an unsecured creditor who lacks standing to contest the criminal forfeiture of that property. (Doc. No. 59 at 2, 8–9.) The government further argues that the 2610 Cleveland Way property was the separate property of defendant Alvarez, which he had purchased "as a single man" nine years before the offense conduct that resulted in his conviction in this case. (*Id.* at 9.) Finally, the government asserts that petitioner Chavez-Bracho has come forward with no documentation in support of her claim of a property interest in the 2610 Cleveland Way property or that she was even legally married to defendant. (*Id.* at 9–10.)

In her response, petitioner asserts that she married defendant Alvarez in March 2012 in Mexico, and the mortgage on the 2610 Cleveland Way property has been paid for with community funds for the last eight of the eleven years the property was owned by defendant Alvarez. (Doc. No. 65 at 2.) Petitioner argues that she is entitled to a proportionate share of the property based on the community property interest she acquired during the marriage. (*Id.*)

In reply, the government contends that petitioner's argument should be rejected in their entirety because the house was purchased before the marriage of petitioner and defendant Alvarez and petitioner has failed to establish that the payments made on the mortgage during their marriage vested her an interest in the property. (Doc. No. 69 at 2.)

Petitioner's initial filing in this action, requesting that an ancillary hearing be held (Doc. No. 53), was bereft of any evidence in support of her claimed interest in the subject property or any proof she was in fact legally married to defendant Alvarez. This lack of proffered evidence caused the court to require supplement briefing and supporting documents at the initial March 31, 2021 hearing. (Doc. No. 71.) In her supplemental briefing, petitioner argued that it had always been the intent of her and her husband that the home at the 2610 Cleveland Way property be

1  community property and that the court should use its equitable powers to prevent the forfeiture of
2  her purported interest in that property to the government. (Doc. No. 76 at 4.)
3       In its supplemental briefing, the government clarified that property purchased prior to a
4  marriage is separate property, and that property remains separate property after marriage unless
5  that designation is changed in writing. (Doc. No. 77 at 3.) The government further contends that
6  California law no longer allows for the verbal modification to the character or ownership of
7  property as recorded and that petitioner's claim that she and defendant Alvarez intended for the
8  2610 Cleveland Way property to be treated as their community is of no import or effect. (*Id.* at
9  3–4) (citing *In re Marriage of Starkman*, 129 Cal. App. 4th 659, 664 (2005).)

10 **A.     Whether Petitioner Has a Valid Interest in the 2610 Cleveland Way Property**

11      The court begins by determining whether petitioner has a right, title, or interest in the
12 2610 Cleveland Way property under California law. *Lester*, 85 F.3d at 1412–13. Property owned
13 prior to marriage is separate property. Cal. Fam. Code § 770(a)(1). "Except as otherwise
14 provided by statute, neither spouse has any interest in the separate property of the other." Cal.
15 Fam. Code § 752.
16      The process of transmuting separate property to community property is governed by
17 California Family Code §§ 850–53. Cal. Fam. Code § 850. "To effectuate a valid transmutation,
18 there must be some writing by the owner 'contain[ing] on its face a clear and unambiguous
19 expression of intent to transfer an interest in the property . . ..'" *In re Marriage of Begian &*
20 *Sarajian*, 31 Cal. App. 5th 506, 513 (2018) (citing *Estate of Bibb*, 87 Cal. App. 4th 461, 468
21 (2001) (describing the two requirements as "(1) a writing that satisfies the statute of frauds; and
22 (2) an expression of intent to transfer a property interest")); Cal. Fam. Code § 852(a) ("A
23 transmutation of real or personal property is not valid unless made in writing by an express
24 declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the
25 property is adversely affected.").
26 /////
27 /////
28 /////

1    Here, there has been no writing produced that contains an express intent by defendant
2 Alvarez to transmute the 2610 Cleveland Way property into community property.³ The
3 California Supreme Court has made clear that strict adherence to these formal requirements is
4 required in order to prevent a transmutation from occurring by accident. *See, e.g.*, *Estate of*
5 *MacDonald*, 51 Cal. 3d 262, 273 (1990), *as modified* (Sept. 6, 1990) ("[T]he desirability of
6 assuring that a spouse's community property entitlements are not improperly undermined . . .
7 support somewhat more restrictive proof requirements . . .."); *In re Marriage of Benson*, 36 Cal.
8 4th 1096, 1107 (2005) ("*MacDonald* acknowledged that section 852 might prevent courts from
9 finding a transmutation in cases where some evidence suggests the spouses meant to change the
10 character of their property, but where they failed to follow the statutory requirements. . . .
11 *MacDonald* declined to second-guess the legislative decision to sacrifice informality in
12 transmutations in favor of protecting community property and promoting judicial economy.")  In
13 this case, petitioner Chavez-Bracho has failed to show the existence of a valid transmutation, and
14 thus, she cannot establish that she has any right, title, or legal interest in the 2610 Cleveland Way
15 property.  While petitioner entreats this court to employ its powers of equity to nonetheless award
16 her an interest in the property and to prevent its forfeiture in entirety, petitioner has also failed to
17 present any compelling reasons or evidence as to why or on what basis the court should do so.
18    Thus, because petitioner failed to produce any evidence of a valid transmutation, the court
19 concludes that the 2610 Cleveland Way property is and remains the separate property of
20 defendant Alvarez.  Petitioner has not shown she had a right, title, or legal interest in the 2610
21 Cleveland Way property that "renders the order of forfeiture invalid in whole or in part because
22 the right, title, or interest was vested in the petitioner rather than the defendant or was superior to
23 any right, title, or interest of the defendant at the time of the commission of the acts which gave
24 /////

---

25 ³ At bottom, even petitioner appears to concede that she may not have a recognized interest in the property under California law and instead asks this court to rely on its equitable powers to award
26 her relief because she asserts that it was the intention of the spouses to hold the 2610 Cleveland
27 Way property as community property after their marriage.  (See, e.g., Doc. No. 76 at 4) ("The court should deem the property to be held in trust for the benefit of the community and not
28 deprive the innocent wife and children of their family home.")

rise to the forfeiture of the property under this section" as required under 21 U.S.C. § 853(n)(6)(A).

**B.     Whether Petitioner's Interest May Be Forfeited**

Because the court concludes petitioner does not have an interest in the 2610 Cleveland Way property, the court need not consider whether any interest she had in the property would have been subject to forfeiture under the facts of this case.

## CONCLUSION

For the above-stated reasons, the government's motion to dismiss (Doc. No. 59) is granted as to petitioner Chavez-Bracho's ancillary petition (Doc. No. 53). The court previously dismissed the petition filed as to petitioner Dimas Alvarez's claim on the record on March 31, 2021. (Doc. No. 71.) The government is directed to file a proposed Final Order of Forfeiture that accounts for its stipulation with Lakeview Loan Servicing, LLC within twenty-one (21) days of the issuance of this order.

IT IS SO ORDERED.

Dated:  **September 2, 2021**               _____
                                                                    UNITED STATES DISTRICT JUDGE